

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Houghton Brownlee
Chairman, Committee on
Governor's Nominations,
The Senate
Austin, Texas

Dear Senator Brownlee:   Opinion No. O-5070

                 Re:  Eligibility of an appointee
                      to the Industrial Accident
                      Board.

      We beg to acknowledge receipt of your letter,
asking an opinion from this department with respect to
the above subject matter, accompanied by a letter from
Senator Clem Fain, addressed to you, stating the follow-
ing facts:

          "I am advised that Mr. H. G. Hamrick, re-
      cently appointed by the Governor on the Indus-
      trial Accident Board, is not qualified to
      serve under the statute prescribing the quali-
      fications for the members of this Board. It
      is my information that this appointee had
      served for a number of years as County Auditor
      of Potter County and he was so serving at the
      time of his appointment. If this statement is
      correct, it is my opinion that he cannot qualify
      under the Statute as an employee member."

      We are also in receipt of information showing
that Mr. Hamrick was employed by the Brotherhood of Rail-
road Trainmen as Secretary of Roswell Lodge No. 808,
Amarillo, upon a regular monthly salary, and was contin-
uously so employed until the date of his appointment by
the Governor.

      We beg to advise that it is the opinion of this
department, assuming the facts above stated to be true,
the nominee is not eligible for the appointment.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Article 8307, Revised Civil Statutes, prescribing the qualifications for members of the Industrial Accident Board, is as follows:

"The Industrial Accident Board shall consist of three members, one to be biennially appointed by the Governor for a term of six years, * * *. At the time of each appointment one member of the Industrial Accident Board shall be an employer of labor in some industry or business covered by this law; one shall be employed in some business industry as a wage earner, and the third member shall be a practicing attorney of recognized ability, and shall act in the capacity of legal adviser to the Board, in addition to his duties as a member thereof, and be chairman of said Board."

The term "business industry" has a well-understood meaning in the economic world, and by no process of reasoning can it be applied to a county. A county is a subdivision of the State, performing governmental functions. Such governmental functions can be neither a business nor an industry, much less a business industry.

Furthermore, the nominee's employment by the Brotherhood of Railroad Trainmen, even though he be a "wage earner", is not employment in a "business industry." In a broad sense, all private corporations are business corporations -- that is, they carry on some character of business, whether the same be a profit or non-profit purpose.

The Brotherhood of Railroad Trainmen is fraternal in its purposes, and its business is the furtherance of the interests of railroad trainmen in all legitimate ways. Specifically, it makes contracts with railroads with regard to the operation of trains -- highly important to the trainmen and the public at large.

Such activities, however, can not in any just sense be said to be a "business industry".

Webster's International Dictionary defines the word "industry" as an economic word, as follows:

"Systematic labor or habitual employment; especially human exertion employed for the creation of value regarded by some as a species of capital or wealth."

Considering the context, the word is obviously not only used in the Workmen's Compensation Act in this general sense, but even a narrower sense because of the joinder therewith of the word "business." Business in such connection means trade for gain or profit, most usually private in nature rather than public or governmental.

Winston's Simplified Dictionary defines "industry" as follows:

"Broadly, all forms of economic activity, including financial, commercial and productive enterprises generally, as well as the professions; in a more limited sense the productive occupations as distinguished from finance and commerce."

It is in this latter and more limited sense the Legislature has used the word here.

A business industry, as the words are here used, means an enterprise in the production, processing or marketing of something, as a commodity, service or thing of public use or need, as contradistinguished from other industries, like professional, educational, and financial industries.

Thus, a mill for the manufacture of corn into meal is an industrial enterprise, (Louisville & N. R. Co. v. Fulgham, 8 So. 803), and a plant where oysters were washed, graded, shelled and canned is an industry. (Benton v. Department of Labor and Industry, supra), while a hospital is neither. (Mayor and Council of City of Baltimore v. Trunk, 100 A. 756).

A labor union is not engaged in trade or business as such, but is a combination of workmen for the purpose of securing by united action favorable conditions as regards

Honorable Houghton Brownlee - page 4


wages, hours and terms of employment. (People v. Graf, 24 N. Y. S. (2) 683).

Dessen v. Department of Labor and Industries, 66 Pac. (2) 367, a workmen's compensation case, quotes the statute of that state as follows:

"Inasmuch as industry should bear the greater portion of the burden of the cost of its accidents, each employer shall * * * pay into the State treasury * * * ", for compensation purposes.

The various state acts governing workmen's compensation are predicated upon this conception. And the conception necessarily is that the industries comprehended are those business enterprises most likely in the nature of their business to occasion or cause injuries to their employees -- industrial injuries.

The very name, "Industrial Accident Board", and the provisions of the Act as a whole, contemplate that it is compensation for such injuries with which the law is concerned.

When tested by these considerations and authorities, the Brotherhood of Railroad Trainmen is not a "business industry", within the Workmen's Compensation Act, and the nominee was not employed in any "business industry" at the time of his appointment.

Mr. Hamrick's affiliations and employment, as above discussed, make him factually, no doubt, a friend to employees in all labor activities, but that is not the test prescribed by the statute.

APPROVED DEC 16, 1943

ATTORNEY GENERAL OF TEXAS

OS-mR

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN